UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RYAN ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) Case No. 2:09-CV-24-JVB |
| | ) |
| INDIANA UNIVERSITY NORTHWEST, | ) |
| SUSAN ROUSE, LINDA ROODA, and | ) |
| DOROTHY IGE | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Ryan Allen is a former nursing student at Indiana University Northwest, where he was accused of cheating on an examination. After being dismissed from the nursing program, Plaintiff sued Defendants Indiana University Northwest, Dr. Susan Rouse, Dr. Linda Rooda, and Dr. Dorothy Ige claiming that Defendants (1) falsely accused him of cheating on an exam; (2) failed to observe procedures that were set in place for his administrative appeal; and (3) discriminated against him on the basis of his sex and race.

Defendants moved to dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants assert that Plaintiff's claims fail as a matter of law because they are barred by Indiana's statute of limitations, the notice provisions of the Indiana Tort Claims Act (ITCA), and state immunity.

**A. Factual and Procedural Background**

After a review of the pleadings, some of the facts of this case remain unclear. However, the Court is able to discern the following: Plaintiff was a nursing student at Indiana University Northwest in Gary, Indiana, where Defendants accused Plaintiff of cheating on an examination. As a result, Plaintiff received a zero on the exam, received a failing grade for the course, and was eventually dismissed from the nursing program. Plaintiff appealed this academic sanction, but the University's Student Faculty Board of Review affirmed the sanction on May 20, 2006.

On January 5, 2009, Plaintiff, proceeding pro se, filed suit against Defendants in the Lake County Superior Court. Plaintiff first claims that Defendants falsely accused him of cheating on the exam, the emotional stress of which caused him to be admitted to a mental health facility. Second, the complaint alleges that Defendants failed to observe procedures that were set in place for his administrative appeal. Specifically, Plaintiff states that it was the regular practice of the University, as outlined in the student handbook, to hear appeals within fourteen days, but the University waited about one year to hear his appeal. Finally, Plaintiff's complaint alleges that Defendants discriminated against him on the basis of his sex and race. Plaintiff seeks compensatory damages in the amount of $200,000, reinstatement into the Indiana University Northwest nursing program, and costs.

On February 6, 2009, Defendants removed the suit to this Court pursuant to 28 U.S.C. § 1331. On February 26, 2009, Defendants filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. On March 13, 2009, Defendants properly notified Plaintiff of the motion to dismiss and the consequences of

his failure to file a response by March 31, 2009. *See Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982) (holding that a pro se plaintiff in a civil case is entitled to receive notice of the consequences of failing to respond to a Rule 12(b)(6) motion). Plaintiff has not filed a response to Defendants' motion to dismiss.

On May 29, 2009, this Court ordered the parties to submit a more definite statement addressing the grounds for the Court's subject matter jurisdiction. The Court received Defendants' jurisdictional statement on June 11, 2009. Plaintiff has not filed a response to Defendants' statement. After review of Defendants' jurisdictional statement, Plaintiff's complaint, and Defendants' motion to dismiss, the Court concludes that it has jurisdiction and grants Defendants' motion to dismiss.

**B. Subject Matter Jurisdiction**

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In addition, district courts may exercise supplemental jurisdiction over related state law claims that are part of the same case or controversy as the federal claim for which the court has original jurisdiction. 28 U.S.C. § 1367. The existence of "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, a court will liberally construe a pro se litigant's complaint. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (citing *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006)).

Reading Plaintiff's complaint broadly, the Court concludes that Plaintiff alleges claims arising under the Constitution and laws of the United States. Plaintiff's assertion that he was dismissed from the University because of his race and sex raises federal questions under § 1983 and Title IX. Moreover, Plaintiff's contention that Defendants failed to follow procedures set in place for his administrative appeal raises procedural due process concerns under the Fourteenth Amendment.

Therefore, the Court has original jurisdiction over these claims and will exercise supplemental jurisdiction over related state law claims (intentional infliction of emotional distress and violations of the student handbook) that are part of the same case or controversy as Plaintiff's federal claims.

**C. Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint

is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff, *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995), and will liberally construe a pro se litigant's complaint. *See Kaba*, 458 F.3d at 681 (citing *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006)).

**D. Discussion**

Defendants set forth three arguments in their motion to dismiss. First, Defendants argue that Plaintiff's claims are barred by the Indiana statute of limitations. Second, Defendants claim that Plaintiff's suit is barred by the ITCA because Plaintiff failed to comply with the Act's notice provisions. Last, Defendants argue that Plaintiff's claims fail as a matter of law because of state immunity under the ITCA.

In considering Defendants' motion, the Court begins with an analysis of Defendants' argument that Plaintiff's claims are barred by the Indiana statute of limitations. Plaintiff's complaint presents both personal injury and federal constitutional claims. Indiana Code § 34-11-2-4 states that a claim for "injury to person or character . . . must be commenced within two (2) years after the cause of action accrues." Furthermore, a § 1983 suit alleging a constitutional violation is subject to Indiana's statute of limitations for personal injury. *See Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008) (holding that suits for constitutional violations are subject to Indiana's statute of limitations for personal injury); *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985) (holding that the statute of limitations in a section 1983 suit is the Indiana two-year

statute of limitations for personal injury suits) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).

Plaintiff's complaint also implicates a Title IX claim. But here, too, circuit courts of appeals have consistently found that Title IX claims are most similar to state personal injury claims; thus, these courts have held state limitations periods for personal injury applicable to Title IX claims. *See, e.g., Lillard v. Shelby Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (holding that the statute of limitations for personal injury claims applies to Title IX claims); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615 617-18 (8th Cir. 1995) (holding Minnesota's six-year limitations period for personal injury claims applies to Title IX claims); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 77 (3rd Cir. 1989) (holding Pennsylvania's two-year limitations period for personal injury claims applicable to Title IX actions). This Court agrees that Title IX claims are most analogous to state personal injury claims, and therefore, a claim by Plaintiff under Title IX is subject to Indiana's two-year statute of limitations for personal injury.

Given the above limitations, Plaintiff's claims were barred at the time he filed his complaint on January 5, 2009. Plaintiff's alleged injuries arose from the University's sanctions and his dismissal from the nursing program on May 20, 2006—the date listed in Plaintiff's complaint. Because the time period between Plaintiff's dismissal and the filing of Plaintiff's complaint exceeded two years, Plaintiff's tort, federal constitutional claims, and any Title IX claims are barred by the Indiana statute of limitations. Because Plaintiff's suit is barred by the statute of limitations, the Court need not consider Defendants' ITCA and state immunity arguments. The Defendants' motion to dismiss is granted. The case is dismissed.

**D. Conclusion**

The Court GRANTS the Defendants' motion to dismiss [DE 6].

SO ORDERED on July 24, 2009.

                                                  s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN
                                                  UNITED STATES DISTRICT JUDGE